IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| WILLIAM A. WOODSON,<br>                        *Plaintiff,*<br><br>v.<br><br>RACHEL TROVATO HARWOOD, ET AL.<br>                        *Defendant.* | CASE NO. 3:12-cv-00057<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Pending before the Court is Plaintiff's motion to proceed *in forma pauperis* (docket no. 1), which I will grant. However, for reasons set forth below, I will dismiss Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.

A district court must evaluate a complaint filed *in forma pauperis* and dismiss it if it determines that "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) ("[Section] 1915 permits district courts to independently assess the merits of *in forma pauperis* complaints, and to exclude suits that have no arguable basis in law or fact.") (citation and internal quotations omitted).

A pro se litigant's pleadings are "to be liberally construed." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Still, the facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). This Court may not dismiss

1

an action under Section 1915 "unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *De'Lonta v. Angelone,* 330 F.3d 630, 633 (4th Cir. 2003) (citation and internal quotations omitted).

## II.

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq*. Plaintiff alleges that his "civil rights have been violated by the named defendant Rachel Trovato Harwood," who he identifies as a "Center Manager of Fedex."[1] In his October 18, 2012 Complaint, Plaintiff states that he was "the only Black-American gay male working at Fedex Office (Charlottesville, Va store)," and that he felt "subjected to unequal terms and conditions of employment because of that fact." Compl. 1. Specifically, Plaintiff states that he was told by the Defendant that he was terminated because he "did not conform to the work schedule." *Id.* However, Plaintiff alleges that the other employees at the store, who Plaintiff describes as black and white females and a white male, "did not leave work as scheduled" and "clocked in late." *Id.* Plaintiff states that "these [co-workers] were younger than me and to my knowledge, they were never written up and definitely not terminated for their actions; but I was." *Id.*[2]

---

[1] While Plaintiff never states so explicitly, the Defendant was presumably the manager of the Charlottesville FedEx Office store at the time of Plaintiff's termination.

[2] In *Taylor v. Virginia Union University*, 193 F.3d 219 (4th Cir. 1999) (en banc), the Fourth Circuit articulated the burden-shifting test for claims of disparate treatment with respect to discipline (through discharge) as a pretext for age discrimination in the workplace. *See Taylor*, 193 F.3d at 234. Though Plaintiff must be at least 40 years old to establish a prima facie case of age discrimination under the ADEA, *see* 29 U.S.C. § 631(a), he never reveals his age in the Complaint.

As a matter of law, Defendant may not be held liable for the allegations Plaintiff sets forth. The Civil Rights Act of 1964 prohibits "an employer . . . [from] discriminat[ing] against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). However, it is well established that individual employees, including supervisors, cannot be held liable for Title VII claims. *Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) (supervisors not liable in their individual capacities for Title VII violations). *See also Baird ex rel. Baird v. Rose,* 192 F.3d 462, 472 (4th Cir. 1999) (finding that neither Title VII nor the ADA provides for actions against individual defendants for violation of its provisions). With regard to Plaintiff's ADEA claim, employees are similarly shielded with respect to personnel decisions of "plainly delegable character." *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510-11 (4th Cir. 1994) (Employee with authority to make discharge decision for employer is not individually liable as employer's "agent."); *McNeal v. Montgomery County, Md.,* 307 Fed.Appx. 766, 775 n. 6 (4th Cir. 2009) (argued but unpublished) ("[O]nly an employer, not an individual employee, may be held liable under the ADEA."). Thus, Plaintiff's claims against a FedEx Office store manager, in her individual capacity, have no arguable basis in law, and the instant Complaint must be dismissed. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (dismissal under Section 1915 proper where legal theory or factual contentions lack an arguable basis).

### III.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted. Therefore, pursuant to U.S.C. § 1915(e)(2)(B), the Court will dismiss the Complaint, without prejudice, in an Order to follow.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record, and to the Plaintiff.

Entered this __23rd__ day of October, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE